11-2673-ag
Wu v. Holder

BIA
A094 046 297

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

PRESENT:
　　　　BARRINGTON D. PARKER,
　　　　PETER W. HALL,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*
_____

SHUIMEI WU,
　　　　*Petitioner,*

　　　　v.                                    11-2673-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:        Lee Ratner, Law Offices of Michael
                       Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jennifer Paisner Williams,
                       Senior Litigation Counsel; Lindsay
                       W. Zimliki, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shuimei Wu, a native and citizen of the People's Republic of China, seeks review of a June 10, 2011, order of the BIA denying her motion to reopen. *In re Shuimei Wu*, No. A094 046 297 (B.I.A. June 10, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Although Wu's motion to reopen was timely, *see* 8 U.S.C. § 1229a(c)(7)(A), because she failed to establish her prima facie eligibility for relief, the BIA did not abuse its discretion in denying her motion. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

To establish prima facie eligibility for asylum, a movant must demonstrate "a realistic chance that he will be able to establish eligibility" during reopened proceedings. *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (internal quotations omitted); *see Hongsheng Leng v.*

*Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). The BIA found that Wu had not demonstrated an objectively reasonable possibility that she would suffer persecution in China on account of her practice of Falun Gong in the United States, because the evidence she submitted to show that the Chinese government was aware of her practice, a sworn letter from her father and a Village Committee notice, was not entitled to any probative value.

Wu argues that the BIA erred in declining to accord probative weight to the village committee notice and the letter from her father. However, the weight afforded to an alien's evidence in immigration proceedings lies largely within the discretion of the agency, particularly where, as here, the affidavit was both vague and strikingly similar to Wu's own affidavit, and the Village Committee notice was unsigned, did not identify a particular author, and was unauthenticated. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010).

Furthermore, as the BIA noted, neither the village committee notice nor the letter from Wu's father specified the penalties to which Wu would be subject based on her

3

practice of Falun Gong. As a result, even if they were accorded probative value, they were insufficient to establish that any harm Wu might suffer would rise to the level of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk